[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION TO SUBSTITUTE PARTY AND ON CROSS MOTIONS FOR SUMMARY JUDGMENT
This action was commenced in September 1998 against the defendant Edmund Pantani for failure to pay sums due on a promissory note. The Revised Complaint of January 8, 1999, alleges that the holder of the note is the Anthony LoRicco Amended and Restated Revocable Trust of which the plaintiff Richard LoRicco is trustee. The complaint alleges that the defendant signed the promissory note on December 30, 1986, and that he defaulted under the note by failing to make payments on and after October 1, 1992. The plaintiff claims the outstanding principal balance to be $65,000, and prays for damages in that amount plus interest and costs of collection.
The defendant denies the allegations and also asserts various special defenses. Further he has filed a counterclaim, claiming that the office condominium he purchased from the plaintiff or the plaintiffs principle CT Page 13338 as part of this deal was not as represented, causing him to suffer damages because it cannot be resold. The defendant claims money damages for this loss and additional damages for violation of Conn. Gen. Stat. § 41-110b, the Connecticut Unfair Trade Practices Act.
On June 12, 2001, the defendant filed a Motion for Summary Judgment, Doc. #123, on the plaintiffs complaint, asserting that a condition precedent to payment of the note has not been fulfilled so that the note is not due.
The plaintiff responded with an Objection to Defendants Motion for Summary Judgment and Cross Motion for Summary Judgment on the complaint, dated July 2, 2001. Both sides have filed initial and supplemental papers in support of their respective positions. In addition, the plaintiff has filed a Motion to Substitute Party dated July 27, 2001.
The court will first address the latter — the plaintiffs Motion to Substitute Party. The motion recites that the plaintiff desires to substitute a new party as plaintiff because in 1995 the note was purchased from the current plaintiff; the Anthony LoRicco Amended and Restated Revocable Trust ("Amended Trust") by an entity entitled the Anthony and Nina LoRicco Irrevocable Spray Trust Indenture ("Spray Trust"), of which the same Richard LoRicco is trustee. The proposed complaint does more than substitute one plaintiff for another. It adds the allegation that the new plaintiff is a holder in due course, not merely a holder, of the note.
Trial in this matter is scheduled for October 2001, only a few weeks from now. The change in the plaintiff's claims from that of a mere holder to a holder in due course materially alters the nature of the plaintiffs proof and alters the defenses available to the defendant. The case was filed years after the alleged transfer of the note to the Spray Trust. The case has already been pending for three years with all concerned under the impression that the allegations were about holder status only. In such a circumstance, an amendment of this kind filed with the trial less than three months away would be unfair to the defendant. The Motion to Substitute Party is denied, without prejudice to the ability of any proper plaintiff to commence a new action should one be available under applicable statutes and rules.
As to the defendant's and the plaintiffs cross motions for summary judgment, it is apparent that material facts are in dispute as to the complaint. The defendant asserts that the note is not due, attesting in an affidavit that he has never received a certificate of title as is specified in the note as a condition precedent to demand for payment. Richard LoRicco, the trustee for the plaintiff; attests in his affidavit CT Page 13339 that a certificate of title was provided to the defendant. The parties also seem to be at odds over whether any proper demand was made for payment. And none of the papers address the issues raised in the counterclaim of the defendant for damages against the plaintiff.
The court finds that there exist contested issues of material fact such that summary judgment cannot be granted on the plaintiff complaint to either party.
The Motion for Summary Judgment filed by the defendant is denied. The plaintiffs Cross Motion for Summary Judgment dated July 2, 2001 (not yet coded) and contained in the same document as his Objection to Defendant's Motion is also denied.
As stated above the plaintiffs Motion to Substitute Party dated July 27, 2001 (not yet coded) is denied.
Patty Jenkins Pittman, Judge